HUGART F. NORMAN et al., Individually and as Copartners Practicing Law as NORMAN AND ALLEN, Plaintiffs, *v.* DAVID SULLIVAN, as President of Local 32B of the Building Service Employees International Union, et al., Defendants.

Supreme Court, Special Term, New York County, September 29, 1945.

*Irving Schneider* for plaintiffs.

*Harold G. Israelson* and *Aaron Benenson* for David Sullivan, as President of Local 32B of the Building Service Employees International Union, and others, defendants.

*Willard M. Bick* for Broaduane Corporation, defendant.

BOTEIN, J. Plaintiffs move for a mandatory injunction *pendente lite* against Local 32B of the Building Service Employees International Union and against the defendant Broaduane Corporation, directing them not to interfere with the furnishing of elevator service to the plaintiffs, their employees, clients or other persons having business to transact with them, at their offices on the eighteenth floor of premises 299 Broadway, New York City, and directing the corporate defendant, as owner of the premises, to comply with and abide by the terms of its lease with defendant.

The owner is under contract with the aforesaid union. Service in the building has been terminated as to all tenants except the War Labor Board, a Federal agency, and the plaintiffs contend that this action is discriminatory. It is alleged by the union that because of the public and essential functions of the War Labor Board, and as a result of an arrangement existing between it and the individual members of the union who are on strike or are picketing the premises, service has been rendered to this tenant alone. Plaintiffs dispute this assertion, claiming that the service has been rendered by direct order of the union and that the men rendering the services are being paid by the owner. No issue is raised as to the good faith of the union in this regard, nor are any facts alleged from which a finding of an unfair labor practice may be distilled.

Whichever contention is the fact, it is not controlling on this motion. It is conceded that the lease between plaintiffs and the owner contains a so-called " strike clause ", by the provisions of which the owner is excused from supplying services during such period as its employees may be on strike. This provision in the lease is sufficient basis for denying this motion insofar as the defendant Broaduane Corporation is concerned and for dismissing the complaint as to this defendant.

As to the defendant union I hold, as a matter of law, that this is an application to obtain an injunction in an action arising from a labor dispute, as defined by the provisions of subdivision 10 of section 876-a of the Civil Practice Act. This section is the New York State counterpart of the Norris-La Guardia Act (U. S. Code, tit. 29, § 101 *et seq.*). The plaintiffs' contention that this case does not involve or grow out of a labor dispute rests upon the narrow premise that they do not occupy a position vis-à-vis the union or the owner, which falls within any of the categories enumerated in subdivision 10 of section 876-a. However, subdivision 10 recites that " A case shall be held to involve or grow out of a labor dispute when the case involves

persons who are engaged in the same industry, trade, craft or occupation, * * *; whether such dispute is between one or more employers or associations of employers and one or more employees or associations of employees ''. Certainly this case involves the two defendants, who are respectively an association of employees and an employer, engaged in the same industry or occupation.

But the applicability of section 876-a does not depend upon the accident of pleading in this case which brought in as parties the two defendants who are within the classifications set forth in the above-quoted provision from subdivision 10. The purpose of section 876-a is, in the absence of unlawful or wrongful acts or objectives, to preserve from judicial restraint certain fundamental rights of labor. No prerogative of a workman is more fundamental or more jealously guarded than his right to attempt, in orderly fashion, to secure appropriate terms or conditions of employment by peaceably laying down his tools. The plaintiff concedes that no unlawful or violent acts as enumerated in subdivision 10 of section 876-a have occurred in the course of this strike, and greatly as I deplore the uncivilized waste of human and economic resources attendant upon a labor dispute, I must take cognizance of the fact that the plaintiffs have suffered no greater loss or inconvenience than normally follows in the wake of a lawful or orderly strike.

To hold, therefore, that this case, involving as it does a lawful strike, does not grow out of a labor dispute and is not within the protective provisions of section 876-a because the plaintiff is a stranger to the strike would breach fatally the armour with which the Legislature has endeavored to shield the rights of labor. There is seldom, if ever, a strike but that some stranger to it suffers damage for which he cannot seek redress. These industrial facts of life were indubitably determined and considered by the Legislature when it enacted section 876-a and were in large measure recognized in the great body of law which had developed prior to the enactment of that statute. If immediate strangers to a labor dispute, such as the plaintiffs herein, can in effect break a strike by by-passing section 876-a, the provisions of the Norris-La Guardia Act, section 876-a and the efforts of the courts to safeguard the basic rights of labor would be rendered nugatory.

Under the provisions of section 876-a, no injunction may issue in actions involving or growing out of labor disputes unless the facts set forth in subdivision 1 of that section are established. Plaintiffs have failed to make even a prima facie showing of the required facts.

In view of the complete failure of plaintiffs either to show in their moving papers or to allege in their complaint the minimal essential requirements of section 876-a of the Civil Practice Act, it follows not only that the motion must be denied as to the defendant union, but that the complaint must also be dismissed.

Settle order.